UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN HALL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:03-1229 |
| ) | JUDGE ECHOLS |
| CITY OF CLARKSVILLE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

Pending before the Court is Defendant's Motion to Alter or Amend Judgment and/or Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60 (Docket Entry No. 108), to which the Plaintiff has responded in opposition and Defendant has replied.

Defendant City of Clarksville renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), seeks a new trial pursuant to Rules 50 and 59, and requests remittur of the damages award or to alter or amend the judgment under Rule 59. Although Defendant briefly mentions Rule 60 in the Motion, Rule 60 is not addressed in Defendant's Memorandum. Therefore, the Court will address the Motion only under Rules 50 and 59.

**A. Defendant's Motion to Alter or Amend Judgment and/or for Relief from Judgment**

In reviewing Defendant's motion for judgment as a matter of law based on the sufficiency of the evidence under Rule 50(b), this

1

Court views the evidence in the light most favorable to the Plaintiff and gives him the benefit of all reasonable factual inferences.  See Black v. Zaring Homes, Inc., 104 F.3d 822, 825 (6th Cir. 1997).  The Court does not weigh the evidence, evaluate the credibility of the witnesses, or substitute its judgment for that of the jury.  See id.  The Court must affirm the jury verdict unless the Court is left with a definite and firm conviction that a mistake resulting in plain injustice has been committed or if the verdict is contrary to all reason.  Schoonover v. Consolidated Freightways Corp., 147 F.3d 492, 494 (6th Cir. 1998).  To overturn the jury verdict, the Defendant must show the evidence against Plaintiff was so overwhelming that no one could reasonably find in his favor.  Id.

   Defendant fails to meet this high standard.  As to Plaintiff's claims for racially hostile work environment and retaliation, Defendant reasserts many of the same arguments it previously made in moving for summary judgment and in requesting judgment as a matter of law at the close of Plaintiff's case and at the close of the evidence.  For the reasons stated in the Court's prior Memorandum denying Defendant's motion for summary judgment and stated orally on the record during trial, Defendant's Motion to Alter or Amend Judgment and/or Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60 (Docket Entry No. 108) will be DENIED.

2

The evidence at trial was hotly contested. The jurors listened carefully to the evidence presented and communicated through their verdict that they understood the Court's instructions, and the jurors followed the instructions when they applied the law to the facts presented to them.

First, the jury found in favor of the Defendant on Plaintiff's claim brought under 42 U.S.C. § 1981 that he was denied promotion to the rank of sergeant in 2000 because of racially discriminatory promotion practices within the Clarksville Police Department. Having considered the testimony and other evidence, the jury determined that Plaintiff was not discriminated against based on his race when he was denied the promotion he sought.

Next, the jury found that Plaintiff had been subjected to a racially hostile work environment. Plaintiff presented sufficient evidence of a racially hostile work environment to justify the jury's verdict on this Title VII claim. Defendant now contends that much of the evidence had an "emotional element" and should have been excluded, and Defendant challenges many of the Court's evidentiary rulings at trial, complaining that much of the evidence of racial hostility was too remote in time or too isolated to be relevant or probative.[1]

---

[1] In opposition to the motion, counsel for Plaintiff submitted a slightly edited version of the brief he previously submitted in opposition to Defendant's motion for summary judgment. Defendant correctly observes that much of the evidence upon which Plaintiff relied in the summary judgment brief was not presented at trial.

3

As stated orally on the record at trial, taking the evidence in the light most favorable to Plaintiff, as the Court must do here as well, the totality of the evidence presented sufficiently established a racially hostile work environment to require submission of the case to the jury. The Court comprehensively instructed the jury on the law applicable to a hostile work environment case, and the Court's instructions presented to the jurors the same law Defendant now recites in its brief. Specifically, the Court instructed the jury:

> You must consider the totality of the circumstances when determining whether, objectively, the alleged harassment was sufficiently severe or pervasive to constitute a hostile work environment. The issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether – taken together – the reported incidents make out such a case. You must focus on the work environment as a whole rather than on individual acts of hostility. Isolated incidents, unless extremely serious, will not amount to discriminatory changes in the terms or conditions of employment.

In its post-judgment motion, Defendant attempts to parse the evidence of various instances of racial hostility to show that, when viewed separately, these instances could not have resulted in a finding of a racially hostile work environment. Heeding the Court's instructions, however, the jury considered the incidents

---

Thus, Plaintiff's post-judgment brief is of little assistance to the Court. Plaintiff's counsel did not address Defendant's points or specifically identify the trial evidence in support of the jury's verdict. The Court reminds Plaintiff's counsel that it is his duty to represent his client effectively and to assist the Court in deciding the issues presented.

4

within the work environment as a whole and found that, objectively, the racial harassment was sufficiently severe or pervasive to constitute a hostile work environment and, subjectively, Plaintiff considered his work environment to be racially hostile. While it is true that some of the incidents were isolated, the jury was permitted under the law to find that one or more such isolated incidents were extremely serious and contributed to a racially hostile work environment.

The evidence submitted at trial supported the jury's decision. Plaintiff presented evidence that certain management officials of the Clarksville Police Department, including Chief Smith, had used the derogatory term "nigger" or the initial "n" in referring to African Americans; that a cord knotted into a noose was hung in a visible location at the police department district office in which African American officers were employed; that a racially offensive cartoon was shown to the Plaintiff by a fellow police officer; that investigative and disciplinary actions taken against African American police officers were more severe than actions taken against Caucasian officers; that two African American detectives were not permitted to ride together while Caucasian officers could do so; and that a climate of racial intimidation existed at the Clarksville Police Department.

Having heard the Court's instructions, the jury analyzed the totality of the evidence, weighed the credibility of the witnesses,

5

and returned a verdict in favor of Plaintiff on the hostile work environment claim. Nothing stated in Defendant's post-trial motion convinces the Court that the evidence was so one-sided in favor of Defendant on any of Plaintiff's claims that the Court erred in submitting the case to the jury or that the jury erred in returning a verdict in favor of Plaintiff on his hostile work environment claim.

The jury also found in favor of Plaintiff on his retaliation claim. Defendant contends Plaintiff failed to establish his prima facie case of retaliation because he did not suffer an adverse employment action.

Defendant recognizes in its brief, however, that Plaintiff could prevail on a retaliation claim by proving that he suffered an adverse employment action or that he was subjected to severe or pervasive retaliatory harassment by supervisors after he engaged in protected Title VII activity. See Defendant's Memorandum at 12, citing Johnson v. University of Cincinnati, 215 F.3d 561, 578 (6th Cir. 2000). The Court so instructed the jury. Plaintiff presented evidence of retaliatory conduct by supervisors after Plaintiff and other African American officers complained about racial discrimination and harassment through filing grievances and administrative charges. The jury was well within its province to find that Plaintiff was subjected to retaliation for his protected Title VII activity.

6

The Court is not left with a definite and firm conviction that a mistake resulting in plain injustice has been committed or that the verdict is contrary to all reason. See Schoonover, 147 F.3d at 494. Therefore, the renewed motion for judgment as a matter of law under Rule 50(b) will be denied.

**B. Motion for New Trial**

The Court may grant a new trial under Rule 59 if the verdict is against the clear weight of the evidence, the damages award is excessive, or if the trial was influenced by prejudice or bias or was otherwise unfair to the moving party. Conte v. General Housewares Corp., 215 F.3d 628, 637 (6th Cir. 2000). Defendant contends the trial was unfair and prejudicial because of the "smoking gun type evidence" which added an "emotional element" to the trial. Defendant believes the jury was prejudiced against Chief Smith because of a comment he concedes he made years ago. According to Defendant, the evidence supported a finding that Defendant investigated each incident of racial conduct of which it became aware.

The Court concludes that its evidentiary rulings permitting Plaintiff to admit evidence of racial animus in Plaintiff's work place and evidence about how other officers in similar circumstances were treated did not inject bias and prejudice into the trial. The Court believes it ruled on evidentiary matters in accordance with the Federal Rules of Evidence. Simply because

7

evidence is damaging to a party's case does not mean the evidence presents the type of bias and prejudice the Federal Rules were designed to preclude from use at trial. The Court has considered and weighed the trial evidence in the case. The Court is not convinced the jury's verdict is against the clear weight of the evidence as necessary to award Defendant a new trial. Therefore, Defendant's Motion for New Trial will be DENIED.

**C. Motion for Remittur or Motion to Alter or Amend the Judgment**

"'A trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial conscience of the court.'" Moore v. Freeman, 355 F.3d 558, 564 (6th Cir. 2004) (quoted cases omitted). Again, Defendant contends remittur is appropriate because the jury heard inadmissible "smoking gun type evidence" that added an "emotional element" to the trial, led the jury to reach its award based on improper prejudice, and caused the jury to set the compensatory damages award high enough to punish the Defendant.

The Court finds that no remittur is necessary. The Court thoroughly instructed the jury on the law pertaining to Plaintiff's claims and damages. The Court instructed the jury that it could not rest its verdict on bias or prejudice against a party. The

8

jury is presumed to follow the instructions given.  The Court finds the jury listened attentively to many days of evidence and reached a supportable decision that Plaintiff proved his claims by a preponderance of the evidence and was entitled to compensatory damages.  The jury set the amount of damages at $100,000 on the hostile work environment claim and $50,000 on the retaliation claim.  Neither amount exceeded the applicable statutory cap under 42 U.S.C. § 1981a.  The Court can discern no reason to believe that the jury's award was based on inflamed passion against the Defendant or was meant solely to punish the Defendant.  The Motion for Remittur or Motion to Alter or Amend the Judgment will be DENIED.

Accordingly, in light of the Court's analysis, Defendant's Motion to Alter or Amend Judgment and/or Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60 (Docket Entry No. 108) will be DENIED.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE