UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MARTIN HALL, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:03-1229 |
| | )   JUDGE ECHOLS |
| **CITY OF CLARKSVILLE,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Docket Entry No. 110), to which Defendant City of Clarksville has responded in opposition.

Plaintiff seeks compensation for 393.64 hours of attorney time at the rate of $250 per hour, for a total of $98,410. In addition, Plaintiff seeks compensation for 180.65 hours of paralegal time at the rate of $100 per hour, for a total of $18,065.00. Thus, Plaintiff seeks a grand total of $116,475.00 in attorney's fees. Plaintiff has not complied with Local Rule 13(e)(3) by providing a legal memorandum in support of the motion.

Defendant challenges the fee request on three grounds: (1) the hourly rates requested by Plaintiff's counsel and paralegal are too high; (2) certain work performed by the paralegal is more appropriately characterized as clerical work and should not be compensated at the paralegal hourly rate; and (3) unsubstantiated

1

attorney hours should not be compensated. The Court will address each defense objection.

## I. STANDARD OF REVIEW

Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]" 42 U.S.C. § 2000e-5(k). The Court must first determine the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-416. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount

2

of fees that is reasonable in relation to the success obtained.'" Id. A reduction in attorney's fees should be "applied only in rare and exceptional cases where specific evidence in the record requires it." Id.

## II. ANALYSIS

### A. Reasonable hourly rates

Defendant objects to Plaintiff's contention that his attorney, Andy L. Allman, should be compensated at the rate of $250 per hour and his paralegal at the rate of $100 per hour. Mr. Allman accepted Plaintiff's representation on a contingent fee basis. Plaintiff was not charged an hourly fee, and Mr. Allman's law firm advanced all expenses. (Docket Entry No. 110, Allman Aff. ¶ 8.) Mr. Allman attests that he received his law degree and was licensed to practice law in Tennessee in 1996. He associated with Kelly, Kelly & Allman, located in Hendersonville, Tennessee, within the Nashville legal market, and has practiced law there for ten years. He became a partner at the firm in 2003. The firm's ordinary partner rate is $250 per hour. Mr. Allman avers that his practice is concentrated in employment law, personal injury, and general civil litigation in state and federal courts in middle Tennessee. (Id. ¶¶ 3-5.)

Plaintiff provides the Affidavit of Martin D. Holmes, who attests that he is a licensed attorney and partner at Stewart, Estes & Donnell in Nashville. (Docket Entry No. 138, Holmes Aff.

3

¶ 1-5.) Mr. Holmes has practiced in the areas of labor and employment and commercial litigation for twenty years. (Id. ¶ 5-6.) Based on his background and experience, he states that the current market rate for attorneys in the Nashville area with fifteen years of experience or greater is in the range of $300 to $350 per hour. His hourly rate is currently $325. (Id. ¶ 7.) He also attests that the current market rate for attorneys with five to ten years of experience is in the range of $250 per hour, and the current market rate for paralegals is in the range of $100 per hour. (Id. ¶ 8.) Mr. Holmes further attests that he is familiar with Mr. Allman and his law firm. Based on personal observations and experience, Mr. Holmes believes that Mr. Allman is an attorney of good reputation and character, with outstanding qualifications and legal skills, who is knowledgeable and experienced in the field of labor and employment law. Mr. Holmes further provides his opinion that the rate of $250 per hour for Mr. Allman and $100 per hour for a paralegal are reasonable rates in the Nashville market for labor and employment law firms. (Id. ¶ 9-11.)

This case provided the Court with a second opportunity to observe Mr. Allman's practice and trial skills in the courtroom. The first opportunity occurred in the related case of Austion v. City of Clarksville, No. 03-0854 (M.D. Tenn. 2005). In granting an award of attorney's fees in Austion, the Court set the hourly rate for Mr. Allman at $200.00 per hour based on certain observations

4

the Court made concerning Mr. Allman's abilities as an attorney and his performance during the case. The Court noted that, in pre-trial, trial, and post-trial matters, Mr. Allman did not demonstrate a working knowledge of federal practice, including the Federal Rules of Civil Procedure, Rules of Evidence, and the Local Rules. While he communicated well with the jury and ultimately achieved an excellent result for his client in the prior case, the Court found that Mr. Allman did not demonstrate the same legal skills as more seasoned federal lawyers who bill at rates of $250 per hour and higher. While the Court believes Mr. Allman's performance improved to some extent in this case, he still has not at times complied with the Rules, he has not corrected certain practices even after receiving direction from the Court, and he sometimes cuts corners when he should not.

For example, in response to Defendant's post-trial motions to alter the judgment or grant a new trial, Mr. Allman filed a slightly edited version of his brief in opposition to the motion for summary judgment and did not address the evidence as it was presented at trial. The brief missed the mark and was not helpful to the Court in ruling on the pending motions. For this reason, the Court will not award Plaintiff attorney's fees for the six (6) hours counsel seeks for preparing the brief. See Docket Entry No. 136, Second Supplemental Affidavit of Andy L. Allman.

5

When Mr. Allman sought attorney's fees and costs in the Austion case, he did not comply with the Local Rules in the presentation of his requests. The Court allowed him an opportunity to supplement the documentation for his requests. Mr. Allman attempted to obtain reimbursement for attorney expenses by including them in his Bill of Costs under 28 U.S.C. § 1920. The Court was required to spend substantial time identifying the various types of costs and expenses requested and awarding them under § 1920 or as part of the attorney's fee request. Despite this prior experience from which Mr. Allman should have learned the correct way to file requests for attorney's fees, expenses, and taxable costs, in this case Mr. Allman has again failed to comply with the Local Rules and the procedure previously explained by the Court. It appears Mr. Allman has not taken the time to carefully review the rules and learn from the Court's previous rulings.

Based upon the Court's observations in this case, which parallel the Court's observations in the Austion case, the Court finds that $250 per hour is excessive and is not a reasonable rate for an employment attorney at Mr. Allman's skill level. The Court finds that a rate of $200 per hour is a more reasonable rate.

In deciding upon the $200 rate in this case, the Court has considered the required factors, including the novelty and difficulty of the questions presented in the case, the skill needed to perform the legal service properly, the preclusion of employment

by Mr. Allman due to his acceptance of this case, the customary fees ordinarily charged for such legal representation, the fact that the fee was contingent, the partial result Mr. Allman obtained for the Plaintiff (including the fact that the jury returned a verdict in favor of Defendant on one claim), Mr. Allman's experience, reputation and ability, and the "undesireability" of accepting a race discrimination case brought against a city government entity, particularly when Plaintiff is still employed by that entity. The Court finds that $200 per hour will adequately compensate Mr. Allman for the services he provided to the Plaintiff.

The Court also finds that $100 per hour is not a reasonable rate for the work done by the paralegal working on this case. The Court finds that $75 per hour for paralegal time is a more appropriate rate. See Bridgeport Music, Inc. v. Lorenzo, 255 F. Supp.2d 795, 800 (M.D. Tenn. 2003), *aff'd sub nom.* Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883 (6th Cir. 2004).

**B. Hours billed**

Defendant raises two objections to the number of hours billed by Mr. Allman and his paralegal.

*1. Paralegal charges for clerical tasks*

Defendant objects to eighteen paralegal time entries, for a total of 51.55 hours, for work such as making copies, preparing and disassembling witness and trial notebooks, gathering exhibits and

7

burning CD-Roms for trial, and copying exhibits. The Court agrees that some reduction for clerical tasks is warranted. Because some of the time entries involved work ordinarily performed by a paralegal, however, the Court will reduce the challenged 51.55 hours by 15 hours. The Court will award paralegal compensation for 165.65 hours at $75 per hour for a total of $12,423.75.

   2. *Unsubstantiated attorney hours*

Defendant also objects to Plaintiff's general claim for 100 hours of attorney time. In his Supplemental Affidavit, Mr. Allman states that he has been unable to capture on his billing records all of the time spent in this litigation, that he estimates he spent an additional four hours per month on telephone calls with witnesses and other counsel pertaining to the case, and that the total time devoted to such activities is approximately 100 hours. (Docket Entry No. 114, Allman Supp. Aff. ¶¶ 2-3.) He seeks compensation for the additional 100 hours even though he does not provide any billing records to substantiate the claim.

The Court rejected a similar claim for 100 hours of unsubstantiated attorney time in Austion. The Court held that Plaintiff carries the burden to prove with specificity the nature and amount of the attorney's fees he claims. See Isabel, 404 F.3d at 415. The Court explained that Plaintiff could not claim 100 undocumented hours spanning the length of the litigation. Where such a claim was not successful in Austion, Mr. Allman should have

8

known that a similar request in this case would meet a similar fate. The Court should not be required to devote its limited judicial resources to resolving an identical claim previously raised and adversely decided in a related case. The Court will deduct the 100 hours and compensate counsel for 287.64 hours at $200 per hour for a total of $57,528.

### III. CONCLUSION

The Court finds that Plaintiff is entitled to a fully compensatory fee, but that Defendant's objections to the attorney's fee request must be sustained in large part. Having considered the twelve applicable factors set forth in <u>Isabel</u>, the Court finds that Plaintiff is entitled to compensation for 287.64 attorney hours at $200 per hour for a total of $57,528.00 and 165.65 paralegal hours at $75 per hour for a total of $12,423.75. This amounts to a grand total of $69,951.75. Plaintiff does not request reimbursement for any expenses other than taxable costs under 28 U.S.C. § 1920, which the Court will address in a separate Order. The Court finds that the amount awarded is justified as a fully compensatory fee in light of Plaintiff's success on two of his three civil rights claims at jury trial.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

9